UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**Ronda Klassen,**

             Plaintiff,

v.

**Protect My Car Admin Services, Inc.,**

             Defendant.

Case No. 8:21-cv-00761-MSS-TGW

Amended Complaint and
Demand for Jury Trial

## AMENDED COMPLAINT

**Ronda Klassen** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Protect My Car Admin Services, Inc.** (Defendant):

### INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Defendant conducts business and maintains a corporate office in the State of Florida; therefore, personal jurisdiction is established.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Tampa, Florida 33624.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 570 Carillon Parkway, Suite 300, St. Petersburg, Florida 33716.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Plaintiff has used a cellular telephone number, the last four digits of which are 7920.

11. Plaintiff used the cell phone associated with that number for residential purposes.

12. Specifically, Plaintiff used that cell phone around her home and for personal purposes.

13. Plaintiff's cell phone number has been on the Do Not Call Registry since around May 24, 2007.

14. Plaintiff registered her number on the Do Not Call registry in order to obtain solitude from unwanted solicitation calls, including while at her home.

15. Defendant, independently and/or through its agent(s),[1] repeatedly called Plaintiff on her cellular telephone number on a repetitive and continuous basis for solicitation purposes.

16. Defendant called Plaintiff without consent on occasions including but not limited to:

- March 4, 2020 at 8:36 am EST;

---

[1] Each reference to "Defendant" includes the presumption that Defendant acted through its agents.

- March 4, 2020 at 4:11 pm EST;
- March 5, 2020 at 2:29 pm EST;
- March 6, 2020 at 10:13 am EST; and
- April 3, 2020 at 3:26 pm EST.

17. Defendant placed these calls using an automatic telephone dialing system.

18. Plaintiff knew Defendant's calls were placed from an automatic telephone dialing system because the calls began with a pause or delay before being connected to a live agent.

19. Furthermore, Defendant placed calls using a dialing system that utilizes an automated and/or pre-recorded voice.

20. Defendant's calls were not made for "emergency purposes."

21. Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

22. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

23. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

3

24. Defendant's calls were not made for "emergency purposes."

25. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

26. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

32. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

33. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Ronda Klassen,** respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    e. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    f. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Ronda Klassen,** demands a jury trial in this case.

Respectfully submitted,

Dated: 05/21/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com

CERTIFICATE OF SERVICE

I, Amy L.B. Ginsburg, Esq., hereby certify that I served a true and correct copy of the foregoing on all parties of record via ECF.

/s/ Amy L. B. Ginsburg