## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

RONDA KLASSEN,

     Plaintiff,                        Case No. 8:21-cv-761-MSS-TGW

     v.

ADVANCED MARKETING &
PROCESSING, INC. d/b/a PROTECT
MY CAR,

     Defendant.

_____/


## PARTIES' AGREED UPON JURY INSTRUCTIONS

## I.      General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

2

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

3

Description of the case:

      This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Ronda Klassen, claims the Defendant, Advanced Marketing & Processing, Inc., which does business as "Protect My Car," violated a law called the Telephone Consumer Protection Act by allegedly making telephone solicitation calls to her cellular telephone number without her consent even though it was on the National Do-Not-Call Registry.

      Advanced Marketing & Processing, Inc. denies that claim and contends that it has no liability, because, among other reasons, it had consent to call the Plaintiff as well as an established business relationship.  Advanced Marketing & Processing, Inc. contends that, in any event, under what is called a "safe harbor" that exists under the Telephone Consumer Protection Act, there can be no liability against it because it has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the do-not-call rules.

Burden of proof:

      Ronda Klassen has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Klassen must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Ronda Klassen and the evidence favoring Advanced Marketing & Processing, Inc. on opposite sides of balancing scales,

Klassen needs to make the scales tip to her side. If Klassen fails to meet this burden, you must find in favor of Advanced Marketing & Processing, Inc.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Advanced Marketing & Processing, Inc. has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Advanced Marketing & Processing, Inc. must prove for any affirmative defense. After considering all the evidence, if you decide that Advanced Marketing & Processing, Inc. has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the

5

evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base

your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Ronda Klassen will present her witnesses and ask them questions. After Ronda Klassen questions the witness, Advanced Marketing & Processing, Inc. may ask the witness questions – this is called "cross-examining" the witness. Then Advanced Marketing & Processing, Inc. will present its witnesses, and Ronda Klassen may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

[*U.S. 11th Circuit Pattern Jury Instructions 1.1*]

## II.   Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

[*U.S. 11th Circuit Pattern Jury Instructions 1.5*]

### III.   Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

[*U.S. 11th Circuit Pattern Jury Instructions 2.1*]

## IV.    Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [<mark>name of witness</mark>], taken on [date], [is about to be/has been] presented to you [<mark>by a video/by reading the transcript</mark>]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

[*U.S. 11th Circuit Pattern Jury Instructions 2.2*]

## V.      Use of Recorded Conversations and Transcripts

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

[*U.S. 11th Circuit Pattern Jury Instructions 2.3* (modified to delete language about competing transcripts)]

## VI.    Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

[*U.S. 11th Circuit Pattern Jury Instructions 2.4*]

## VII.   Use of Interrogatories

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

[*U.S. 11th Circuit Pattern Jury Instructions 2.6*]

## VIII. Final Instructions for the Jury

### Instruction No. 1: Introduction

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

RONDA KLASSEN,

     Plaintiff,                         Case No. 8:21-cv-761-MSS-TGW

     v.

ADVANCED MARKETING &
PROCESSING, INC. d/b/a PROTECT
MY CAR,

     Defendant.
_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

[*U.S. 11th Circuit Pattern Jury Instructions 3.1*]

**Instruction No. 2: The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

[*U.S. 11th Circuit Pattern Jury Instructions 3.2.2*]

**Instruction No. 3: Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

[*U.S. 11th Circuit Pattern Jury Instructions 3.3*]

**Instruction No. 4: Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

[*U.S. 11th Circuit Pattern Jury Instructions 3.4*]

**Instruction No. 5: Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

[*U.S. 11th Circuit Pattern Jury Instructions 3.5.1*]

**Instruction No. 6: Responsibility for Proof – Plaintiff's Claim – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

[*U.S. 11th Circuit Pattern Jury Instructions 3.7.1*]

**Instruction No. 7: Responsibility for Proof – Affirmative Defense Preponderance of the Evidence**

In this case, the Defendant asserts the affirmative defenses of estoppel, prior express consent, prior business relationship, lack of concrete injury, unclean hands, failure to mitigate, and ratification. Defendant also asserts the affirmative defense expressly provided under the statute for implementation, with due care, of reasonable practices and procedures to effectively prevent telephone solicitations in violation of the national do-not-call rules. Even if the Plaintiff proves her claim by a preponderance of the evidence, the Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove the Plaintiff's claim, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

[*U.S. 11th Circuit Pattern Jury Instructions 3.7.2*]

**Instruction No. 8: Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

[*U.S. 11th Circuit Pattern Jury Instructions 3.8.1*]

## Instruction No. 10:  Telephone Solicitations

To be violations of the do-not-call rules, the telephone calls must have been "telephone solicitations." The term telephone solicitation means the making or initiation of a telephone call or message for the purposes of encouraging the purchase of or investment in property, goods, or services to any person.  In determining whether a call is a telephone solicitation, you should consider whether the purpose of the call was to sell a good or a product on the call.

Telephone calls that are made or initiated with the purpose of scheduling a follow-up call or for acquiring information are not telephone solicitations, so long as there was no intention to encourage the purchase or investment in property, goods, or services to the party that was called.

The term telephone solicitation does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization.

**Authorities:**
47 U.S.C. § 227; 47 C.F.R. §§ 64.1200(c) & (d); *Becker v. Pro Custom Solar LLC*, No. 219CV535FTM29NPM, 2020 WL 474647, at *6 (M.D. Fla. Jan. 29, 2020); *Johansen v. Bluegreen Vacations Unlimited, Inc.*, No. 20-81076-CIV, 2021 WL 4973592, at *3 (S.D. Fla. July 14, 2021); *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 236 (11th Cir. 2011); *Hobbs v. Entrevoice Virtual Sols., Inc.*, No. 4:18-CV-247 (CDL), 2019 WL 3400648, at *2 (M.D. Ga. July 25, 2019);  *Morris v. Unitedhealthcare Ins. Co.*, No. 415CV00638ALMCAN, 2016 WL 7115973, at *8 (E.D. Tex. Nov. 9, 2016), report and recommendation adopted, No. 4:15-CV-638, 2016 WL 7104091 (E.D. Tex. Dec. 6, 2016); *Freyja v. Dun & Bradstreet, Inc.*, No. CV147831DSFMRWX, 2015 WL 6163590, at *2 (C.D. Cal. Oct. 14, 2015);

*Danehy v. Time Warner Cable Enterprises*, No. 5:14-CV-133-FL, 2015 WL 5534094, *8, *10 (E.D.N.C. Aug. 6, 2015); *Warnick v. Dish Network LLC*, 301 F.R.D. 551, 558 (D. Colo. 2014).

**Instruction No. ___ (final): Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[<mark>Explain verdict</mark>]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

[*U.S. 11th Circuit Pattern Jury Instructions 3.3*]