IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____

**Ronda Klassen v. Advanced Marketing & Processing, Inc.
d/b/a Protect My Car
Case No. 8:21-cv-761-MSS-MRM**

**Plaintiff's Contested Jury Instructions**

**With Defendant's Objections**

**PLAINTIFF'S INSTRUCTION NO. 1: THE TELEPHONE CONSUMER PROTECTION ACT GENERALLY:**

In 1991, Congress passed, and President George H.W. Bush signed into law, the Telephone Consumer Protection Act, 47 U.S.C. § 227, known as the "TCPA" for the purpose of protecting consumer privacy from unwanted telephone calls. The TCPA contains statutory text in the law passed by Congress. The TCPA is implemented by the administrative agency, the Federal Communications Commission or "FCC". The TCPA incentivizes those annoyed by unwanted calls to act as "private attorneys general."

**Legislative History on TCPA, Summary: S.1462 — 102nd Congress (1991-1992), available at https://www.congress.gov/bill/102nd-congress/senate-bill/1462;** *Perrong v. Total Ins.,* **No. 8:20-cv-1905-JSM-TGW, 2021 U.S. Dist. LEXIS 138123, at \*13 (M.D. Fla. Apr. 2, 2021);** *Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc.***, 401 F.3d 876, 881 (8th Cir. 2005).**

**Defendant's Objections**:  This instruction is incomplete, vague, and not connected to the particular violation alleged by Plaintiff (the national do-not-call rules). The language regarding "private attorneys general" is also unfairly prejudicial in invoking the specter of a government official acting on the public's behalf, particularly in this lawsuit regarding six to eight telephone calls to Plaintiff only. The instruction proposed by Advanced Marketing & Processing, Inc. addresses these deficiencies.

**PLAINTIFF'S INSTRUCTION NO. 2: THE DO NOT CALL REGISTRY AND § 227(C)(5)**

No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator

**47 C.F.R. § 64.1200(c)(a)(2)**


**Defendant's Objections**:  This instruction is incomplete, vague, and not connected to the particular violation alleged by Plaintiff (the national do-not-call rules).  The instruction proposed by Advanced Marketing & Processing, Inc. addresses these deficiencies.

**PLAINTIFF'S INSTRUCTION NO. 3: TELEPHONE SOLICITATION**

The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization.

**47 U.S.C.S. § 227(a)(4)**


**Defendant's Objections**:  This instruction is incomplete and does little other than recite the statutory definition, without any further clarification, guidance, or explanation for the jury.  The instruction proposed by Advanced Marketing & Processing, Inc. addresses these deficiencies.

**INSTRUCTION NO. 4: RESIDENTIAL SUBSCRIBER**

The Do Not Call Registry protects "residential subscribers." Users of wireless or cellular phones can who ask to be put on the national do-not-call list are presumed to be "residential subscribers." However, to prevail under 227(c)(5), the plaintiff must establish that his or her cell phone was used for residential purposes.

**47 C.F.R. § 64.1200(c)(a)(2);** *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, **18 F.C.C. Rcd 14014, 14039 (2003);** *Cunningham v. Health Plan Intermediaries Holdings, LLC*, **No. 8:18-cv-919-T-24TGW, 2019 U.S. Dist. LEXIS 224470, at \*16 (M.D. Fla. Aug. 7, 2019)**

**Defendant's Objections**: This instruction is incomplete and misleading, particularly in terms of a presumption. The cited FCC order refers to a "presumption" in the context of finding that cellular telephone numbers *may* be properly registered on a the national do-not-call registry on the presumption that the wireless subscriber qualifies as a "residential subscriber." The FCC did not create a presumption in terms of how proof is to be presented and who has the burden of coming forth with evidence to rebut a presumption. Rather, the FCC stated that even with the referenced presumption, "a complaining wireless subscriber" may be "require[d] . . . to provide further proof of the validity of that presumption should we need to take enforcement action," *i.e.*, to establish residential subscriber status. *In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003). Instructing the jury, in this enforcement action, that Plaintiff has a presumption in her favor would therefore be inaccurate and highly prejudicial to Defendant, particularly when it is settled that Plaintiff bears the burden of proving she is a residential subscriber. *See, e.g.*, *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020); *Lee v. Loandepot.com, LLC*, No. 14-CV-01084-EFM, 2016 WL 4382786, \*6 (D. Kan. Aug. 17, 2016); *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 396 (M.D.N.C. 2015), *aff'd*, 925 F.3d 643 (4th Cir. 2019).

**PLAINTIFF'S INSTRUCTION NO. 5: Plaintiff's Affirmative Claim Under 227(c)(5)**

If you find that Klassen's cell phone was used as a residential line and Protect My Car called that phone two or more times in a calendar year for the purpose of soliciting goods or services, then Ronda Klassen has met the affirmative elements of her claim. You then move to the affirmative defenses raised by Protect My Car.

**47 U.S.C. 227(c)(5); 47 C.F.R. 64.1200(c)**

**Defendant's Objections**: This instruction is incomplete and misleading, ignoring several elements of the claim as reflected in Defendant's proposed instruction No. 10 (e.g., that Plaintiff registered her number on the do-not-call registry). Moreover, this instruction refers to "residential line," but there is no such reference in the TCPA or the regulation. Rather, the relevant term is "residential telephone subscriber." *See* 47 U.S.C. § 227(c)(1); 47 C.F.R. 64.1200(c)(2). Conflating that term with the analytically distinct notion of a "residential line" is confusing, disregards the relevant concept, and is prejudicial in that it seeks to circumvent the actual finding the jury must make in place of one that is not mentioned in the statute or applicable regulation. The instruction proposed by Advanced Marketing & Processing, Inc. addresses these deficiencies.

**PLAINTIFF'S INSTRUCTION NO. 6: THE AFFIRMATIVE DEFENSE OF EXPRESS WRITTEN CONSENT**

Express consent is not an element of a TCPA plaintiff's case but is an affirmative defense for which the defendant bears the burden of proof." For telemarketing calls, prior express consent must be in writing. Specifically, a telemarketer can call a consumer whose number is on the Do Not Call registry if it has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. December 28, 2007); 47 C.F.R. § 64.1200(c)(2)(ii)

**Defendant's Objections**: This instruction is incomplete and does little other than recite the statutory and regulatory language, without any further clarification, guidance, or explanation for the jury. The instruction also fails to state that prior express written consent may be provided using any medium or format permitted by the E-Sign Act, 15 U.S.C. § 7001 et seq., including "email, website form, text message, telephone keypress, or voice recording." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 (2012). Prior express consent therefore can be provided by submission of a web form with personal information where the web form provides clear and conspicuous disclosure of an agreement to receive telemarketing calls. *See Lucoff v. Navient Sols., LLC*, 981 F.3d 1299, 1305 (11th Cir. 2020); *Morris v. Modernize, Inc.*, No. AU-17-CA-00963-SS, 2018 WL 7076744, *2 (W.D. Tex. Sept. 27, 2018). This instruction also ignores that such consent can be obtained by or provided through an intermediary. *See In re GroupMe, Inc./Skype Commc'ns S.A.R.L. Petition*, 29 FCC Rcd. 3442, 3447 (2014); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F. 3d 1110, 1113-14 (11th Cir. 2014).

**PLAINTIFF'S INSTRUCTION NO. 7: THE AFFIRMATIVE DEFENSE OF SAFE HARBOR AND THE DUTY TO ASSURE VALID CONSENT**

The TCPA provides that "[i]t shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection."

However, the TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented; the TCPA places responsibility on the caller alone to ensure that he or she has valid consent for each call.

**47 U.S.C. § 227(c)(5); 30 FCC Rcd 7961, 8004, 2015 FCC LEXIS 1586, \*137, 62 Comm. Reg. (P & F) 1539 (F.C.C. July 10, 2015)**

**Defendant's Objections**:  This instruction is incomplete and does little other than recite the statutory language, without any further clarification, guidance, or explanation for the jury, not even what qualifies as "reasonable practices and procedures" in the regulation issued by the FCC.  *See* 47 C.F.R. § 64.1200(c)(2)(i).   The instruction proposed by Advanced Marketing & Processing, Inc. addresses these deficiencies.

**PLAINTIFF'S INSTRUCTION NO. 8: THE TCPA IS A STRICT LIABILITY STATUTE**

The TCPA is a strict liability statute. This means the Plaintiff is entitled to damages simply because the Defendant violated the Plaintiff's rights. TCPA does not require any intent for liability, except when awarding treble damages. Likewise, the TCPA does not require the plaintiff to incur any harm to be awarded damages.

*Cosentino v. Cont'l Fin. Co.*, **No. 8:16-cv-2808-T-35AAS, 2017 U.S. Dist. LEXIS 234066, at \*4-5 (M.D. Fla. May 10, 2017);** *Lardner v. Diversified Consultants Inc.*, **1:13-CV-22751-UU, 2014 U.S. Dist. LEXIS 63007, 2014 WL 1778960, \*4 (S.D. Fla. 2014);** *Alea London Ltd. v. Am. Home Servs., Inc.*, **638 F.3d 768, 776 (11th Cir. 2011))**

**Defendant's Objections**: This instruction is unnecessary, inaccurate, and unduly prejudicial. Defendant is not proposing any instruction requiring a finding of intent, nor are treble damages automatic or even the province of the jury, so it should not be instructed on that subject. It is also not the case that a plaintiff can be awarded damages or even prevail on a TCPA claim where she has not incurred any harm. *See Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019) (dismissing TCPA claim where plaintiff failed to allege concrete injury).

**PLAINTIFF'S INSTRUCTION NO. 9: STATUTORY VIOLATIONS OF THE TCPA**

If you find that the Defendant violated the TCPA, you must impose a statutory penalty in an amount of $500 for every call that you find violated the TCPA.

**47 U.S.C. § 227(c)(5)(B)**

**Defendant's Objections**:  This instruction is inaccurate and unduly prejudicial.  Section 227(c)(5)(B) permits recovery for "actual monetary loss from . . . a [TCPA] violation, or . . . ***up to*** $500 in damages for each such violation . . . ." (emphasis added).  It is incorrect that a penalty of $500 for every violation is required or mandated.  To the contrary, as Defendant's Instruction No. 14 states, the jury "may award any amount per call" deemed to be in violation of the TCPA "between $0 and $500.

**PLAINTIFF'S INSTRUCTION NO. 10: STANDING: INJURY-IN-FACT [ONLY IF COURT FINDS THIS IS A JURY QUESTION][1]**

To have an "injury in fact", a plaintiff is not required to have extreme or severe harm. In fact, an "intangible injury" such as wasted time, annoyance or frustration is sufficient to establish an injury in fact. The fact that Congress enacted the TCPA to prevent annoyance and disruption from telemarketers confirms that annoyance, frustration or wasted time is an injury in fact for the purpose of the TCPA. In order to establish "injury in fact", Klassen must show that her rights specifically, were violated by Protect My Car.

***Spokeo, Inc. v. Robins,*** 578 U.S. 330, 339, 136 S. Ct. 1540, 1548 (2016); ***Losch v. Nationstar Mortg. LLC***, 995 F.3d 937, 943 (11th Cir. 2021); ***Salcedo v. Hanna***, 936 F.3d 1162, 1172-73 (11th Cir. 2019); ***Muransky v. Godiva Chocolatier, Inc.***, 979 F.3d 917, 926 (11th Cir. 2020)

**Defendant's Objections**: This instruction is incomplete and vague, without explaining to what concept "injury in fact" applies and by providing an incomplete and biased discussion, without the explanation of what a concrete injury is and how a violation of a statute, alone, is not sufficient. Nor is there any explanation of what would be preclusive of a concrete injury, such as Plaintiff desiring to receive telephone solicitations for the purpose of collecting damages. *See Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 796-806 (W.D. Pa. 2016). The instruction proposed by Advanced Marketing & Processing, Inc. addresses these deficiencies.

---

[1] Plaintiff disputes that "injury in fact' is a jury question. Rather, it is a question as to the court's subject matter jurisdiction and therefore a determination for the Court in this matter. See *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021) ("Losch's affidavit is sufficient evidence both to **establish injury for Article III standing purposes, and to raise a jury question about damages on** the merits.")(emphasis added).