## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

RONDA KLASSEN,

     Plaintiff,                    Case No. 8:21-cv-761-MSS-TGW

     v.

ADVANCED MARKETING &
PROCESSING, INC. d/b/a PROTECT
MY CAR,

     Defendant.

_____/

### DEFENDANT ADVANCED MARKETING &
### PROCESSING, INC.'S PROPOSED JURY INSTRUCTIONS

### WITH PLAINTIFF RONDA KLASSEN'S OBJECTIONS

**Instruction No. ___: Responsibility for Proof – Affirmative Defense Preponderance of the Evidence**

In this case, the Defendant asserts the affirmative defenses of estoppel, prior express consent, prior business relationship, lack of concrete injury, unclean hands, failure to mitigate, and ratification.  Defendant also asserts the affirmative defense expressly provided under the statute for implementation, with due care, of reasonable practices and procedures to effectively prevent telephone solicitations in violation of the national do-not-call rules.  Even if the Plaintiff proves her claim by a preponderance of the evidence, the Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove the Plaintiff's claim, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

[*U.S. 11th Circuit Pattern Jury Instructions 3.7.2*]

**Plaintiff's objection:**

Estoppel, unclean hands, failure to mitigate, and ratification are not viable affirmative defenses to a strict liability statutory damages claim like the TCPA. Those are tort and contract affirmative defenses. Defendant is aware of this and did not raise those defenses in its opposition to Plaintiff's motion for summary judgment. Plaintiff's objection to instruction each of these affirmative defenses are set forth below.

**Instruction No. _: The Telephone Consumer Protection Act**

The Telephone Consumer Protection Act, referred to as the TCPA for short, is a federal law that, under certain circumstances, makes it unlawful for the same person or the same entity to make two or more telephone solicitations to a residential telephone subscriber after a time that the person has registered their residential telephone on the National Do-Not-Call List that is maintained by the Federal Government.   We will call this the "national do-not-call rules."  A person or entity that physically places telephone calls in violation of the TCPA has what is called "direct liability" which will be elaborated on more below.  Not every telephone solicitation to a telephone number that is registered on the National Do-Not-Call List is necessarily a violation of the TCPA.

The Plaintiff has alleged in this case that the Defendant violated the national do-not-call rules.  The Plaintiff is alleging that the Defendant is directly liable.  As I will instruct you, there are many elements that the Plaintiff must prove to prevail on this claim and various terms of art that I will define. There are also exceptions and defenses that will be raised by the Defendant. For instance, a defendant who has consent to make telephone calls does not violate the TCPA even if that person is registered on the national do-not-call registry. Additionally, a defendant does not violate the TCPA if they have a personal or established business relationship with a person or entity, which will be examined in further detail.  Moreover, a defendant does not violate and

incur liability under the TCPA if it had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the national do-not-call rules.  Defendant raises these and other affirmative defenses.

### **Defendant's Authorities:**

47 U.S.C. § 227; 47 C.F.R. 64.1200; *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14017-14020, 14034-14044 (2003); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019); *Becker v. Pro Custom Solar LLC*, No. 219CV535FTM29NPM, 2020 WL 474647, at *2 (M.D. Fla. Jan. 29, 2020); *Harrington v. RoundPoint Mortg. Servicing Corp.*, 163 F. Supp. 3d 1240, 1245 (M.D. Fla. 2016); *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1331 (S.D. Fla. 2021).


**Plaintiff's objection**: the discussion about direct liability is confusing and unnecessary in that there is no claim of vicarious liability and Protect My Car has acknowledged it placed the subject calls to Klassen.  Further, this instruction is needlessly specific about various affirmative defenses for an overview about a law.  There are already instructions on the affirmative defenses of safe harbor and prior express consent.

**Instruction No. ___: Klassen's Claim for Violations of the NDNC**

Klassen has brought a claim against the Defendant for violations of the national do-not-call rules. Klassen alleges that the Defendant violated the TCPA's prohibition against telephone solicitations to residential telephone subscribers who have registered their telephone numbers on the National Do-Not-Call registry.  For this claim, Klassen must prove by a preponderance of the evidence the following:

(1)   Klassen received at least two or more telephone calls in any 12-month period;

(2)   That two or more of the telephone calls were telephone solicitations (defined in Instruction No. 13 below);

(3)   The calls were made when her telephone number was on the National Do Not Call Registry for over 31 days;

(4)   The calls to Klassen's cellular telephone number were placed to a residential telephone subscriber (defined in Instruction No. 14 below);

(5)   That Klassen was injured by the telephone calls; and

(6)   It was Advanced Marketing & Processing that directly placed the telephone calls.

The Plaintiff must establish each of these elements as to the Defendant separately and based upon the other instructions provided.  If you find that

the Plaintiff has not proven all of these elements by a preponderance of the evidence, then you should find for the Defendant.

Keep in mind, however, that any person or entity making telephone solicitations will not be liable for violating the National Do-Not-Call rules if it has obtained the residential telephone subscriber's prior express invitation or permission or if the telemarketer making the call has an established business relationship or personal relationship with the recipient of the call or established reasonable practices and procedures to effectively prevent telephone solicitations in violation of the national do-not-call rules.  I will instruct you later on the meaning of the prior express invitation or permission and what constitutes an established business relationship and personal relationship and the establishment of such reasonable practices and procedures.

If you find that the Plaintiff has proven all of the elements of this claim by a preponderance of the evidence, then you must consider the Defendant's defenses – which I will instruct you on later.

### Defendant's Authorities:

47 U.S.C. 227(c); 47 C.F.R. 64.1200; *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014); Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1265 (11th Cir. 2019); *Becker v. Pro Custom Solar LLC*, No. 219CV535FTM29NPM, 2020 WL 474647, at *6 (M.D. Fla. Jan. 29, 2020); *Harrington v. RoundPoint Mortg. Servicing Corp.*, 163 F. Supp. 3d 1240, 1245 (M.D. Fla. 2016); *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1195 (M.D. Fla. 2014); *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1331 (S.D. Fla. 2021); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 656- 57 (W.D. Tenn. Feb. 4, 2020).

**<u>Plaintiff's Objections:</u>**

"Injury in fact" is not a question for the jury in connection with liability on a claim, rather it is a question for the Court for the purpose determining whether it has subject matter jurisdiction.  See *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021) ("Losch's affidavit is sufficient evidence both to establish injury for Article III standing purposes, and to raise a jury question about damages on the merits.")  Furthermore, the term "injured' is misleading as the jury could interpret the typical meaning of the term, rather than the legal "injury in fact" analysis.  Furthermore, it is prejudicial to include discussion of the Defendant's affirmative defenses in the instruction for Plaintiff's affirmative claim.

**Instruction No. ___: Direct Liability Under the TCPA**

Only the person or entity that made or initiated a telephone call can be directly liable for a violation of the do-not-call rules. In order to find that a party is directly liable for making or initiating a telephone call, that party must have physically made or initiated the telephone call. An entity can only be considered to have made or initiated a telephone call if it takes the steps necessary to physically place a telephone call or text. Having a third party initiate a call on your behalf is not considered "initiating" or "making" a call within the TCPA. If the Defendant did not physically place a telephone call to the Plaintiff, the Defendant is not directly liable. That is, for each alleged telephone call in violation of the TCPA, Plaintiff must show that it was Advanced Marketing & Processing that called her in violation of the TCPA in order to find Advanced Marketing & Processing directly liable for that call.

**Defendant's Authorities:**
See *In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6580-82 (2013); *Palm Beach Golf Ctr.–Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1254-55 (11th Cir. 2015); *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1195 (M.D. Fla. 2014); *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1331 (S.D. Fla. 2021)


**Plaintiff's Objection:**
This is needlessly confusing and unnecessary.  Protect My Car has stipulated to placing six (6) calls itself and disputes making two other calls.  There is no allegation of vicarious liability or allegation a third-party company made the calls for Protect My Car.  There is no need to confuse the jury with discussion about direct or vicarious liability.

**Instruction No. ___: Residential Telephone Subscriber Defined**

The Plaintiff's claims in this case apply only to residential telephone subscribers.  In other words, the do-not-call rules of the TCPA do not apply to calls made to a telephone number that is not a person's residential telephone number.  You therefore will have to decide if any of the telephone calls to the Plaintiff were made to a residential telephone subscription or not.

In deciding whether Klassen's cellular telephone number is a "residential" telephone subscription, you must give the word "residential" its usual and ordinary meaning.  The fact that a cellular telephone number is registered on the National Do-Not-Call Registry, for which only residential telephone numbers are eligible, is not determinative in deciding whether a cellular telephone number qualifies as a residential telephone subscription.

Where an individual maintains a landline telephone number at their residence in addition to a cellular telephone number, their cellular telephone number cannot be considered a "residential" telephone subscription for purposes of the TCPA.  Another circumstance under which a cellular telephone number is not considered to be a "residential telephone subscription" is if it is used for business purposes.  You may therefore also consider whether the telephone number was publicized or held out to the general public as a business telephone number, even if registered as a residential number.  The fact that a telephone number that is otherwise a business telephone number may be used for some personal or other non-

business purposes does not make the user a residential telephone subscriber.

### **Defendant's Authorities:**

47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2); *Strange v. ABC Co.*, No. CV 19-1361, 2021 WL 798870, \*4 (W.D. La. Mar. 1, 2021); *Shadlich v. Makers Nutrition LLC*, No. 8:20-CV-389-T-60CPT, 2020 WL 5255133, \*2 (M.D. Fla. Sept. 3, 2020); *Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369 JG VMS, 2015 WL 4488070, \*2 (E.D.N.Y. July 23, 2015); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 654-59 (W.D. Tenn. 2020); *Shelton v. Target Advance LLC*, No. CV 18-2070, 2019 WL 1641353, at \*6 (E.D. Pa. Apr. 16, 2019); *Smith v. Truman Rd. Dev., LLC*, No. 4:18-CV-00670-NKL, 2020 WL 2044730, \*14 (W.D. Mo. Apr. 28, 2020), *aff'd sub nom. Beal v. Outfield Brew House, LLC*, 29 F.4th 391 (8th Cir. 2022); *Lee v. Loandepot.com, LLC*, No. 14-CV-01084-EFM, 2016 WL 4382786, \*6 (D. Kan. Aug. 17, 2016).

### **Plaintiff's Objections:**

This instruction is misleading and highly suggestive.  The FCC ruled:

> we conclude that wireless subscribers may participate in the national do-not-call list.  As a practical matter, since determining whether any particular wireless subscriber is a "residential subscriber" may be more fact-intensive than making the same determination for a wireline subscriber, we will presume wireless subscribers who ask to be put on the national do-not-call list to be "residential subscribers."

*In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Rcd 14014, 14039 (2003) (footnotes omitted).  Protect My Car's instruction flips the analysis on its head and suggests a cell phone is not entitled to that presumption.

**Instruction No. ___: Damages**

If you find that the Plaintiff has proven her claims against the Defendant, then you must determine how much to award that Plaintiff in statutory damages. The TCPA authorizes you to award damages in an amount up to $500. In other words, if you find that the Plaintiff has proven her claim, you may award any amount per call between $0 and $500. You may only find one violation of the TCPA per call proven. If you find that the Plaintiff has failed to prove her individual claim against the Defendants, then you should not consider the question of the damages that the Plaintiff would be entitled to recover.

**Authorities:**
47 U.S.C. §227 *et al.*; *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014); *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 363-365 (E.D. Pa. 2019), *aff'd,* 805 F. App'x 156 (3d Cir. 2020); *Drew v. Lexington Consumer Advocacy*, No. 16-CV-00200-LB, 2016 WL 9185292, at *10 (N.D. Cal. Aug. 11, 2016), *report and recommendation adopted sub nom. Drew v. Lexington Consumer Advocacy, LLC*, No. C 16-00200 SBA, 2016 WL 9223901 (N.D. Cal. Sept. 2, 2016); *Charvat v. NMP, LLC*, 656 F.3d 440, 447 (6th Cir. 2011).

**Plaintiff's objections:**

The statutory language is perfectly understandable as it is. Defendant's proposed language which hints at lower amounts "between $0 and $500" as opposed to "up to $500" as the provided in the statute. 47 USC 227(c)(5)(B). Furthermore, the instruction does not disclose this is for non-willful violations only, as statutory damages can be trebled in the event of willfulness.

**Instruction No. 15: Willful or Knowing Violation [*proposed only in the event the Court rules the jury is to decide this question*]**

In the event that you find that Plaintiff has proven by the greater weight of the evidence that Defendant violated the TCPA, then you shall decide if Plaintiff proved by the greater weight of the evidence that Defendant's violation of the TCPA was willful or knowing, which would entitle Plaintiff to statutory damages not to exceed $1500 per violation.

Willful or knowing conduct pursuant to the TCPA requires Plaintiff to prove by the greater weight of the evidence that Defendant knew it was performing the conduct that violates the TCPA.  Simple knowledge that a telephone call was being made is not enough.  Rather, Plaintiff must prove that Defendant knew of the facts that constituted the offense, or that Defendant consciously and deliberately committed or omitted to act that violated the statute, irrespective of any intent to violate the law.

Should you find Advanced Marketing & Processing, Inc. liable in this case, you are not being asked to determine the total amount of damages.  The judge will determine appropriate damages depending upon your findings.

**Authorities:**
47 U.S.C. 227(b)(3)(B)*;* 47 U.S.C. 227(b)(3)(C)*; Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1107  (11th Cir. 2015)*; Alea London Ltd. v. Am. Home Servs., Inc.,* 638 F.3d 768, 776 (11th Cir.2011); *Charvat v. Ryan*, 116 Ohio St.3d 394 (2007); *Harris v. World Fin. Network Nat'l Bank,* 867 F.Supp.2d 888, 895 (E.D. Mich. 2012).

**Instruction No. \_\_\_: Actual, Concrete Injury Defense**

In order for the Plaintiff to prevail she must demonstrate that she suffered an actual, concrete injury as a result of the Defendant's alleged wrongful conduct. The injury must be real and concrete in actually adversely affecting a legal right that Plaintiff has under the TCPA.  That a call may have been made in violation of the statute, alone, is not sufficient.

For example, if you find that the Plaintiff hoped to receive telephone solicitations for the purpose of collecting damages, then you must find that Plaintiff did not suffer a real, concrete harm, and you must find in favor of Defendants.

<u>**Defendant's Authorities:**</u>

*Spoeko, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Grigorian v. FCA US LLC*, 838 F. App'x 390, 394 (11th Cir. 2020); *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 796-806 (W.D. Pa. 2016).

<u>**Plaintiff's Objection:**</u>

Injury in fact is not a question for the jury, rather a question for the Court for the purpose of determining whether the Court has subject matter jurisdiction. *Spoeko, Inc. v. Robins*, 578 U.S. 330, 339, 136 S. Ct. 1540, 1548 (2016); *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021); Salcedo v. Hanna, 936 F.3d 1162, 1172-73 (11th Cir. 2019); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 926 (11th Cir. 2020).  While damages are determined by a jury, injury-in-fact is a decision made by the Court before it goes to a jury.  <u>See</u> *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021) ("Losch's affidavit is sufficient evidence both to <u>establish injury</u> for Article III standing purposes, and to <u>raise a jury question</u> about damages on the merits.")(emphasis added). Furthermore, an "intangible injury" such as wasted time, annoyance or

14

frustration is sufficient to establish an injury in fact.  *Losch,* 995 F.3d 937, 943 (11th Cir. 2021).  Congress determined annoyance, frustration and wasted time was  a concrete injury when passing the TCPA. Defendant's proposal is an inappropriate instruction to a jury and misleading and inaccurate description of an "injury in fact" for purposes of that analysis.

**Instruction No. ___: Prior Express Consent, Invitation or Permission**

A telephone call made with prior express consent, invitation or permission is not a violation of the do-not-call rules.  That is, an entity is permitted to make telephone calls to any telephone number for which it has prior express consent, invitation or permission to call even if that telephone number might be on the National Do-Not-Call Registry

Defendant claims that even if a call that would otherwise have constituted a violation of the do-not-call rules was placed to the Plaintiff for which you may find they are responsible, there is no liability because all of the calls that were made were made with prior express invitation or permission.

"Prior Express Consent" means that before Defendant made a telephone call to the Plaintiff's cellular telephone number, the Defendant had an invitation or permission to place telephone calls to that telephone number. Prior Express Consent can be given in a variety of ways, including in writing, on a website, through email, over the telephone, or in person.

If you find the existence of prior express consent, invitation or permission with respect to any calls made to the Plaintiff, then you must find that the Defendant is not liable for a violation of the TCPA for those telephone calls.

**Defendant's Authorities:**

47 C.F.R. § 64.1200; 47 U.S.C. § 227; *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 (2012); *Lucoff v. Navient Sols., LLC*, 981 F.3d 1299, 1305 (11th Cir. 2020); *Morris v. Modernize, Inc.*, No. AU-17- CA-00963-SS, 2018 WL 7076744, *2 (W.D. Tex. Sept. 27, 2018); *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 621 (3d Cir. 2020); *Johansen v. Efinancial LLC*, No. 2:20-CV-01351-RAJ-BAT, 2021 WL 7161969, *8 (W.D. Wash. June 11, 2021) ("*Johansen I*"); *Johansen v. Efinancial LLC*, No. 2:20-CV-01351-DGE, 2022 WL 168170, at *1 (W.D. Wash. Jan. 18, 2022) ("Johansen II"); *Hill v. Homeward Residential, Inc.*, No. 2:13-CV-388, (S.D. Ohio 2014); *Matter of Groupme, Inc./skype Commc'ns S.A.R.l Petition for Expedited Declaratory Ruling Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 29 F.C.C. Rcd. 3442, 3444 (2014); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1838-1844 (Feb. 15, 2012).


**Plaintiff's Objections:**

Defendant's instruction misses that "express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof." 23 F.C.C. Rcd. 559, 565 (Jan. 4, 2008) (emphasis added).  See also Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255 (11th Cir. 2014).  Also, express consent "must be in writing subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." 47 C.F.R. § 64.1200(c)(2)(ii).

Defendant's proposed instruction is more confusing than the FCC language and omits portions of the analysis.

17

## Instruction No. ___: Established Business Relationship Explained

An entity is permitted to make telephone calls to any person with whom it has an established business relationship even if that person's telephone number might be on the National Do-Not-Call Registry.

The term established business relationship means an existing or prior relationship, and can be formed one of two ways:

First, an established business relationship can be formed by a voluntary communication between a person or entity on the one hand, and a residential telephone subscriber on the other hand, with or without the exchange of money, based on the residential telephone subscriber's purchase or transaction within 18 months immediately preceding the telephone call.

Second, an established business relationship can be formed on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within three months preceding the date of the call.

If you have found that the Plaintiff had an established business relationship with the Defendant, then you must find that the Defendant is not liable for a violation of the TCPA for those telephone calls to Plaintiff.

### Defendant's Authorities:

47 C.F.R. § 64.1200(c)(2)(ii); 47 C.F.R. § 64.1200(a)(2); 47 C.F.R. § 64.1200(f)(5); *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14042-14044 (2003); *Johansen v. Bluegreen Vacations Unlimited, Inc.*, No. 20-81076-CIV, 2021 WL 4973592, at *3 (S.D. Fla. July 14, 2021); *Johansen v. Bluegreen Vacations Unlimited, Inc.*, No. 20-81076-CIV, 2021 WL 4973593, at *3 (S.D. Fla. Sept. 30, 2021); *Nece v. Quicken Loans, Inc.*, No. 8:16-CV-2605-T-23CPT, 2018 WL 1326885, at *5

(M.D. Fla. Mar. 15, 2018); *Hamilton v. Spurling*, No. 3:11CV00102, 2013 WL 1164336, *10-11 (S.D. Ohio Mar. 20, 2013).

**<u>Plaintiff's Objection:</u>**

The instruction does not explain that this is the Defendant's burden of proof as an affirmative defense.  Otherwise, the instruction is unobjectionable.

**Instruction No. ___: Safe Harbor Defense**

Even if a person or entity violates the national do-not-call rules under the TCPA, the statute provides an affirmative defense that requires you to find in favor of the defendant if the defendant, here Advanced Marketing & Processing, Inc., has established and implemented, with due care, reasonable practices and procedure to effectively prevent telephone solicitations in violation of the national do-not-call rules.  The law provides that this standard of reasonable practices and procedures is satisfied if the following standards are met:

(1)    The defendant has established and implemented written procedures to comply with the national do-not-call rules;

(2)    The defendant has trained its personnel in procedures established pursuant to the national do-not-call rules;

(3)    The defendant has maintained and recorded a list of telephone numbers that it may not contact;

(4)    The defendant uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules; and

(5)   The defendant purchases access to the relevant do-not-call data from the national database and does not participate in any arrangement to share the cost of accessing the national database.

If the Defendant establishes that it had the practices listed above in place to avoid the likelihood of making telephone calls in violation of the national do not call rules, then there can be no liability and you must find in favor of the Defendant.

**Authorities**:

47 U.S.C. § 227(c)(5); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F. 3d 1110, 1123-24 (11th Cir. 2014); *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 135 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017); *In re GroupMe, Inc./Skype Commc'ns S.A.R.L. Petition*, 29 FCC Rcd. 3442, 3447 (2014); *In Re Dynasty Mortg., L.L.C.*, 20 F.C.C. Rcd. 4921, 4929 (2005); *Johansen v. Efinancial LLC*, No. 2:20-CV-01351-RAJ-BAT, 2021 WL 7161969, *8 (W.D. Wash. June 11, 2021) ("*Johansen I*"); *Johansen v. Efinancial LLC*, No. 2:20-CV-01351-DGE, 2022 WL 168170, at *1 (W.D. Wash. Jan. 18, 2022) ("*Johansen II*"); *United States v. Dish Network LLC*, 75 F. Supp. 3d 916, 925 (C.D. Ill. 2014); *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 632 (6th Cir. 2009); *Roylance v. ALG Real Estate Servs., Inc.*, No. 5:14-CV-02445-PSG, 2015 WL 1522244, at *5 (N.D. Cal. Mar. 16, 2015), report and recommendation adopted as modified, No. 14-CV-02445-BLF, 2015 WL 1544229 (N.D. Cal. Apr. 3, 2015).

**Plaintiff's Objection:**

Defendant's proposed instruction does not adequately explain what implementing compliance policies would entail and what the implications of that would mean.  The FCC clarified that "the TCPA places responsibility on the caller alone to ensure that he or she has valid consent for each call."  *See* 30 FCC Rcd 7961, 8004, 2015 FCC LEXIS 1586, *137, 62 Comm. Reg. (P & F)

1539 (F.C.C. July 10, 2015).  Any instruction on the safe harbor without the inclusion of that principle incomplete.

**Instruction No. ___:** ***In Pari Delicto*/Unclean Hands**

Defendant claims that the Plaintiff may not recover because Plaintiff is equally responsible for the harmful conduct that occurred, if any. That is, the Plaintiff cannot recover if she has "unclean hands" and is herself responsible for causing the alleged harmful conduct. To succeed on this defense, the Defendant must prove, by a preponderance of the evidence:

> (1)   The Plaintiff's wrongdoing is directly related to the claim; and,

> (2)   The Defendant was personally injured by the wrongdoing.

If the Defendant can prove these two components, the Plaintiff is considered equally responsible for the harmful conduct, and the Defendant cannot be liable.

### Defendant's Authorities:

*Abramson v. 1 Glob. Cap., LLC*, No. 15-CV-61373, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015); *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1283 (M.D. Fla. 2008); *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450 (11th Cir. 1993).

### Plaintiff's Objection:

Unclean hands is an equitable remedy that is inappropriate for a jury to apply. *Burnett v. Walker Cnty. Comm'n*, No. 6:13-cv-01506-HNJ, 2018 U.S. Dist. LEXIS 114570, at *1 (N.D. Ala. May 16, 2018) ("the court cognizes the unclean hands contention as an affirmative defense that the court adjudges, not the jury"); *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005) ("The doctrine of "unclean hands" is an equitable test that is used by courts in deciding equitable fate.")  Further, Plaintiff's counsel is aware of no instances where such a remedy was applied to negate an otherwise valid TCPA claim.  If

the jury finds Klassen consented in the manner prescribed by the TCPA, Protect My Car would have a defense for consented calls. Furthermore, that instruction is prejudicial as it could suggest a sinister motive by Klassen that is not factually or legally founded.   Finally, Plaintiff moved for summary judgment and Protect My Car did not even raise this purported defense in opposition.   There is no factual or legal basis to warrant the inclusion of this instruction.

**Instruction No. ___: Estoppel**

Defendant claims that the Plaintiff may not recover because the Plaintiff is "estopped," or prevented, from claiming any damages because of the Plaintiff's actions or words. A Defendant who seeks to avoid liability under the defense of estoppel must prove the following by a preponderance of the evidence:

(1)  The party to be estopped misrepresented material facts;

(2)  The party to be estopped was aware of the true facts;

(3)  The party to be estopped intended that the misrepresentation be acted on or had reason to believe that the party asserting the estoppel would rely on it;

(4)  The party asserting the doctrine did not know, nor should it have known, the true facts;

(5)  And the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation.

To demonstrate detrimental reliance, a plaintiff must show that the defendant's actions caused it to change its position for the worse.

If you conclude that the Plaintiff is estopped, or prevented, from obtaining relief under the TCPA as a result of her own actions or words, then you should find in favor of the Defendant.

**Defendant's Authorities:**
*Cowman v. Northland Hearing Centers, Inc.*, 628 F. App'x 669, 672 (11th

Cir. 2015); *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir. 2008); *Dawkins v. Fulton Cnty. Gov't*, 733 F.3d 1084, 1089 (11th Cir. 2013).

## Plaintiff's Objection:

Estoppel is an equitable remedy for certain tort and contract claims but inapposite to the TCPA. Further, Plaintiff's counsel is aware of no instances where such a remedy was applied to negate an otherwise valid TCPA claim. If the jury finds Klassen consented in the manner prescribed by the TCPA, Protect My Car would have a defense for consented calls. Finally, Plaintiff moved for summary judgment and Protect My Car did not even raise this purported defense in opposition. There is no factual or legal basis to warrant the inclusion of this instruction.

**Instruction No. \_\_\_: Ratification**

Defendant claims that the Plaintiff may not recover because the Plaintiff's claim is barred by the doctrine of ratification. A Defendant who seeks to avoid liability under the defense of ratification must prove the following by a preponderance of the evidence:

(1)   Plaintiff knew the material facts surrounding the unauthorized act;

(2)   Plaintiff expressly or impliedly confirmed, adopted, or acquiesced to the unauthorized act.

A party implicitly ratifies an act by, among other things, accepting the benefits of the act.  If you conclude that the Plaintiff's claim is barred by the doctrine of ratification, then you must find in favor of the Defendant.

**Defendant's Authorities:**

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1355 (11th Cir. 2011); *Strickland v. United States*, 382 F. Supp. 2d 1334, 1346 (M.D. Fla. 2005); *Spurrier v. United Bank*, 359 So. 2d 908, 910 (Fla. 1st DCA 1978).


**Plaintiff's Objection:**

Ratification is an affirmative defense for certain tort and contract claims but inapposite to the TCPA.  Further, Plaintiff's counsel is aware of no instances where such a remedy was applied to negate an otherwise valid TCPA claim.  If the jury finds Klassen consented in the manner prescribed by the TCPA, Protect My Car would have a defense for consented calls. Finally, Plaintiff moved for summary judgment and Protect My Car did not even raise this purported defense in opposition.  There is no factual or legal basis to warrant the inclusion of this instruction.

**Instruction No. ___: Failure to Mitigate**

Defendant claims that the Plaintiff may not recover any damages because the Plaintiff failed to mitigate her damages. A Defendant who seeks to avoid liability under the defense of failure to mitigate must prove the following by a preponderance of the evidence:   Plaintiff failed to make reasonable efforts to alleviate the effects of an injury.

If you conclude that the Plaintiff's claim is barred because she failed to mitigate her damages, then you should find in favor of the Defendant.

### **Defendant's Authorities:**

*IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354, 1361 (S.D. Fla. 2010); d *Davis v. Holifield*, No. CA 21-0044-CG-MU, 2021 WL 6137309, at *8 (S.D. Ala. Dec. 9, 2021); *Sweetwater Invs., LLC v. Sweetwater Apartments Loan LLC*, No. 1:10-CV-223-WKW, 2011 WL 13362845, at *2 (M.D. Ala. Sept. 27, 2011).

**Plaintiff's Objections:**

There is no duty to mitigate statutory damages under the TCPA.  *George v. Leading Edge Recovery Sols., L.L.C.*, 2013 U.S. Dist. LEXIS 100602, 2013 WL 3777034, *2 (M.D. Fla. 2013)(Bucklew, J.) ("the weight of available authority indicates that there is no duty to mitigate statutory damages in these [TCPA] cases") *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. ED CV 15-2057 FMO (SPx), 2017 U.S. Dist. LEXIS 183910, at *6-7 (C.D. Cal. Nov. 6, 2017)("The court is not persuaded that failure to mitigate is an affirmative defense in a TCPA action.") *Springer v. Fair Isaac Corp.*, 2015 U.S. Dist. LEXIS 154765, 2015 WL 7188234, *5 (E.D. Cal. 2015) (striking affirmative defense of failure to mitigate damages); see, e.g., *Holtzman v. Turza*, 2010 U.S. Dist. LEXIS 80756, 2010 WL 4177150, *5 (N.D. Ill. 2010) ("Mitigation of damages is not a defense under the TCPA[.]")  Protect My Car is aware of this, which is why it declined to raise this affirmative defense in its opposition to Plaintiff's Motion for Summary Judgment.